UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

————————————————————————

HAROLD JACKSON,

                              Petitioner,

           v.                                                        9:22-CV-0157
                                                                     (MAD)
SHERIFF CRAIG APPLE,

                              Respondent.

————————————————————————

APPEARANCES:                                       OF COUNSEL:

HAROLD JACKSON
Petitioner, pro se
10645
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.     INTRODUCTION**

        Petitioner Harold Jackson seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

Dkt. No. 1, Petition ("Pet.").  On March 10, 2022, the Court granted petitioner leave to file an

amended petition to clarify the procedural posture of any direct or collateral challenges

petitioner had made to his 2022 conviction.  Dkt. No. 5, Decision and Order ("March Order").

        Petitioner timely filed an amended petition.  Dkt. No. 6, Amended Petition ("Am. Pet.").

It is before the Court for review.  For the following reasons, petitioner is granted another thirty

days leave to file a second amended petition which cures the deficiencies outlined in this

decision and the March Order.

## II.      THE AMENDED PETITION

In 2016, petitioner was convicted in Albany County Court, upon a jury verdict, of first degree rape and a first degree criminal sexual act.  *People v. Jackson*, 176 A.D.3d 1312, 1312 (3rd Dep't 2019).  Petitioner appealed and, on October 17, 2019, the New York State Supreme Court Appellate Division, Third Department reversed the judgment and remitted the matter back to the trial court for further proceedings.  *Id.* at 1315; *see also* Am. Pet. at 1-2.

In the interim, petitioner also appears to have filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10.  Am. Pet. at 3-4, 6.  Petitioner argued that he was entitled to relief due to ineffective assistance of counsel; however, the Albany County Court denied the motion without a hearing on or about June 6, 2019.  *Id.*  Petitioner claims that he unsuccessfully moved to appeal the 440 motion, but was then subsequently transferred to County Jail for the retrial of his criminal conviction.  *Id.* at 4, 6.

On January 24, 2022, a second trial occurred, which is the basis of petitioner's present challenges.  Pet. at 4.  On January 27, 2022, pursuant to a jury verdict, petitioner was again convicted.  Pet. at 1.  Petitioner indicated he has an appeal presently pending in the Third Department, presumably of the 2022 conviction.  Am. Pet. at 12.

Liberally construing the amended petition, petitioner argues that he is entitled to federal habeas relief because (1) his second trial counsel was constitutionally ineffective when (a) he "refus[ed] to acknowledge [petitioner's] wish to address [the] Appellate Division's decision [regarding petitioner's] prior bad acts [and the] . . . DNA[,]" Am. Pet. at 5, 18 (b) he neglected to file all motions requested by [petitioner]," *id.* at 7, (c) he stipulated with the prosecution to redact witness testimony instead of moving to have the testimony suppressed, *id.* at 10, 18, and (d) he failed to argue petitioner's double jeopardy rights were violated even

2

after the third jury was empaneled, *id.* at 17; (2) the trial court erred, during petitioner's retrial, when it refused to acknowledge the Appellate Division's prior decisions about petitioner's prior bad acts and the DNA evidence, *id.* at 5; (3) petitioner's retrial violated his right to a speedy trial, *id.* at 7, 17; and (4) petitioner suffered prosecutorial misconduct when (a) the prosecution ignored a court order to stay out of the media and discussed petitioner's upcoming criminal trial on the local news after jury selection, *id.* at 8-9, and (b) the prosecution was able to provide redacted testimony from a key witness from the first trial who had since changed her story, *id.* at 10, 18.  For a more complete statement of petitioner's claims, reference is made to the amended petition.

## III.    DISCUSSION

### A.    Challenging a Reversed Conviction

To the extent that petitioner is challenging any part of his first conviction from 2016, including the direct appeal or collateral challenges therefrom, any such challenge "cannot [be] granted . . . because the Appellate Division has already granted him the relief he seeks[.]" *McFarland v. Kirkpatrick*, No. 1:08-CV-0065, 2017 WL 3981179, at *8 (W.D.N.Y. Aug. 16, 2017).  The amended petition contains claims about both convictions; however, petitioner is limited to asserting challenges regarding alleged federal statutory and constitutional violations from his retrial only.  Any claim or petition related to petitioner's 2016 conviction must be dismissed as moot because the first conviction has already been reversed.  *Id.* (citing cases).

Therefore, petitioner will be given an opportunity to amend his petition to include only those federal statutory and constitutional challenges which relate to his 2022 conviction pursuant to his retrial.

**B.** **Exhaustion**

As previously indicated in the March Order, exhaustion is a prerequisite to filing a habeas corpus petition. March Order at 2-3. At its essence, a "petitioner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 3 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)) (quotation marks omitted).

Here, it is still impossible to determine whether petitioner's claims have been properly exhausted. However, it appears that petitioner has a direct appeal, regarding his 2022 conviction pursuant to his retrial, pending in the Third Department. Am. Pet. at 12. If that is true, then the highest state court capable of reviewing petitioner's claims has not had the opportunity to do so and the appellate review process has not been completed. *O'Sullivan*, 526 U.S. at 845; *accord Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995) (explaining that a petitioner must "exhaust his state court remedies with respect to his new conviction [after a retrial] before he can bring a challenge in federal court.").

However, the Court will not make any assumptions and will allow petitioner the opportunity to clarify the procedural posture of his state court proceedings prior to determining how best to move forward with this action. Accordingly, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order that provides the specific details of the procedural posture of any pending direct or collateral challenges to petitioner's 2022 conviction.

**IV.** **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner may file a second amended petition **within thirty (30) days**

of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose.  **Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed.  Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.**  If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.  **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the second amended petition.

Petitioner **shall not** incorporate any portion of his prior papers into his second amended petition by reference.  He must include all relevant information in the second amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the second amended petition; and it is further

**ORDERED** that if petitioner does not file a second amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that upon the filing of any second amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the second amended petition, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: March 30, 2022
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge