UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

HAROLD JACKSON,

                          Petitioner,

        v.                                                          9:22-CV-0157
                                                                    (MAD)
SHERIFF CRAIG APPLE,

                          Respondent.

─────────────────────────────────────

APPEARANCES:                                          OF COUNSEL:

HAROLD JACKSON
Petitioner, pro se
10645
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

        Petitioner Harold Jackson seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

Dkt. No. 1, Petition ("Pet.").

        In 2016, petitioner was convicted in Albany County Court, upon a jury verdict, of first

degree rape and a first degree criminal sexual act. *People v. Jackson*, 176 A.D.3d 1312,

1312 (3rd Dep't 2019).  Petitioner appealed and, on October 17, 2019, the New York State

Supreme Court Appellate Division, Third Department reversed the judgment and remitted the

matter back to the trial court for further proceedings.  *Id.* at 1315.

        On January 24, 2022, a second trial occurred, which is the basis of petitioner's present

challenges.  Pet. at 4.  On January 27, 2022, pursuant to a jury verdict, petitioner was again

convicted.  Pet. at 1.  Petitioner indicated he has an appeal presently pending in the Third

Department, presumably of the 2022 conviction.  Am. Pet. at 12.

The Court has twice granted petitioner leave to file an amended petition to clarify the

procedural posture of any direct or collateral challenge to petitioner's 2022 conviction.  Dkt.

No. 5, Decision and Order ("*March I Order*"); Dkt. No. 7, Decision and Order ("*March II*

*Order*").  Specifically, the *March II Order* outlined that petitioner (1) could not bring forth any

challenges related to his first conviction, in 2016, because it had already been reversed,

*March II Order* at 3; and (2) had to identify if, how, and when his state court remedies were

exhausted with respect to his 2022 conviction, *id.* at 4.

In response, petitioner filed a letter motion requesting the transcript from his recent

sentencing hearing, in April of 2002, to help him better and more accurately present his

claims for federal habeas corpus relief.  Dkt. No. 8, Letter Motion.  The Court denied the

motion, and directed petitioner to "state his claims and the facts that underlie them, as well as

indicate the state courts before which [petitioner] exhausted his constitutional claims."  Dkt.

No. 9, Text Order ("April Order").

The April Order appeared to cross in the mail with another letter motion from

petitioner, again requesting the state court sentencing transcript.  Dkt. No. 11, Letter Motion.

The Court again denied the request and provided petitioner with an extension of time within

which to file his second amended complaint.  Dkt. No. 12, Text Order ("May Order").

Presently pending before the Court is petitioner's motion for reconsideration of the May

Order denying his request for the April 2022 sentencing transcript.  Dkt. No. 13.  Petitioner

requested additional access to the law library, as presently he is only allowed four hours per

visit which is allegedly insufficient to prepare the amended pleading.  *Id.* at 1-2.  Petitioner

also explained that the Court's conclusion in the *March II Order* was "based on a

misinterpretation of the facts," and went on to articulate arguments about why challenges to

the 2016 conviction still existed.  *Id.* at 2-5.  Finally, petitioner argued that the May Order was

"harmful" because petitioner's "intentions . . . to present the State's unfair rulings affecting

and directly resulting in the retrial and the eventual unfair rulings therein," would be hindered.

*Id.* at 5.

Petitioner attached a hand-written document entitled "Writ of Habeas Corpus" which

preceded the form petition he previously submitted to the Court as his amended petition.  *See*

Dkt. No. 13 at 8-18.  The hand-written submission primarily outlined instances of alleged trial

court error and ineffective assistance of trial counsel.  *Id.*  This was followed by the form

petition which, in sum and substance, is identical to the amended petition already submitted

to, and rejected by, the Court in the *March II Order.  Id.* at 19-36.  Petitioner also included

various letters and state court decisions from his 2016 conviction.  *Id.* at 37-44.  None of

these documents addressed the Court's concerns from the *March II Order*, namely the

procedural posture of petitioner's direct appeal or collateral challenges to his 2022 conviction.

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court

overlooked . . . that might reasonably be expected to alter the conclusion reached by the

court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is

warranted only where controlling law has changed, new evidence is available, clear error

must be corrected, or manifest injustice prevented.  *Long v. U.S. Dep't of Justice*, 778 F.

Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*,

709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y.

3

2007).  However, "[a] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, No. 6:13-CV-1178 (GLS/TWD), 2015 WL 4496374, at *1 (N.D.N.Y. July 23, 2015).

Here, petitioner's reasoning does not justify reconsideration of the Court's May Order. Generally speaking, petitioner does not identify controlling decisions or data that the Court overlooked which would reasonably change the Court's prior decision.  Instead, petitioner either challenges the content of a different opinion, the *March II Order*; makes unrelated requests, for additional law library time; or proffers conclusory arguments that the Court's decision to deny his request for the state court transcript was incorrect.  Only the latter consideration is at all related to the May Order; however, petitioner's disagreement with this Court's decision is not a basis for reconsideration.  *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007)).

Petitioner cannot use a motion for reconsideration to relitigate the Court's conclusions. This specifically includes petitioner's opposition to the holdings that (1) he cannot challenge his 2016 conviction because any such challenge is moot since the conviction was vacated and petitioner was afforded a retrial or (2) he must demonstrate exhaustion of his state court remedies since that is a prerequisite for the habeas action to continue.

Further, petitioner's argument that he requires the sentencing transcript is meritless. The sentencing transcript will not be any assistance to petitioner or the Court in demonstrating that his state court remedies have been properly exhausted, and that is the issue that must be resolved before the action can continue.  Therefore, even if petitioner were to acquire the transcript, it would be useless in helping him comply with the *March II Order*

4

because its contents are irrelevant to exhaustion.  In sum, reconsideration of the Court's

decision is not warranted.

Finally, petitioner will be given one final opportunity to file an amended pleading.  As

previously discussed by the Court, most recently in the *March II Order*,

> a "petitioner must give the state courts one full opportunity to
> resolve any constitutional issues by invoking one complete round of
> the State's established appellate review process." *Id.* at 3 (quoting
> *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)) (quotation marks
> omitted).
>
> Here, it is still impossible to determine whether petitioner's claims
> have been properly exhausted.  However, it appears that petitioner
> has a direct appeal, regarding his 2022 conviction pursuant to his
> retrial, pending in the Third Department.  Am. Pet. at 12.  If that is
> true, then the highest state court capable of reviewing petitioner's
> claims has not had the opportunity to do so and the appellate
> review process has not been completed.  *O'Sullivan*, 526 U.S. at
> 845; *accord Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995)
> (explaining that a petitioner must "exhaust his state court remedies
> with respect to his new conviction [after a retrial] before he can
> bring a challenge in federal court.").
>
> However, the Court will not make any assumptions and will allow
> petitioner the opportunity to clarify the procedural posture of his
> state court proceedings prior to determining how best to move
> forward with this action.

*March II Order* at 4.  Accordingly, petitioner will be provided with another copy of a blank

habeas petition and **a final opportunity** to file an amended petition.  Failure to timely file an

amended pleading which complies with the Court's orders will result in the action being

dismissed as premature.

In conclusion, no transcripts are required for the petitioner to articulate the procedural

posture of his direct appeal and/or any collateral challenges before the state courts.  In the

event petitioner demonstrates that the constitutional claims concerning his 2022 conviction

have been properly exhausted, the respondent has the duty to produce all relevant state court records and transcripts to the Court.  *See* Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.  Therefore, to the extent the sentencing transcript is relevant to the claims asserted in the amended petition, it would be provided to the Court, and petitioner, by the respondent.  However, no answer is required until the Court accepts the amended pleading, after an initial review, and orders one.

WHEREFORE, it is

**ORDERED** that petitioner's motion to reconsider the May Order denying petitioner's request for copies of his sentencing transcript, Dkt. No. 13, is **DENIED**; and it is further

**ORDERED** that petitioner has **one final opportunity** to file a second amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose.  **Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed.  Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.**  If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.  **Petitioner must**

**specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the second amended petition.

Petitioner **shall not** incorporate any portion of his prior papers into his second amended petition by reference.  He must include all relevant information in the second amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the second amended petition; and it is further

**ORDERED** that if petitioner does not file a second amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that upon the filing of any second amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the second amended petition, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: August 4, 2022
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

7