UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HAROLD JACKSON,

                Petitioner,

v.

SHERIFF CRAIG APPLE,

                Respondent.

9:22-CV-0157
(MAD)

---

APPEARANCES:

HAROLD JACKSON
Petitioner, pro se
10645
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

OF COUNSEL:

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

Petitioner Harold Jackson seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 6, Amended Petition ("Am. Pet.").

In 2016, petitioner was convicted in Albany County Court, upon a jury verdict, of first degree rape and a first degree criminal sexual act. *People v. Jackson*, 176 A.D.3d 1312, 1312 (3rd Dep't 2019). Petitioner appealed and, on October 17, 2019, the New York State Supreme Court Appellate Division, Third Department reversed the judgment and remitted the matter back to the trial court for further proceedings. *Id.* at 1315.

On January 24, 2022, a second trial occurred. Dkt. No. 1 at 4. On January 27, 2022, pursuant to a jury verdict, petitioner was again convicted. *Id.* at 1. Petitioner indicated he has

an appeal presently pending in the Third Department, presumably of the 2022 conviction. Am. Pet. at 12.

On three different occasions, the Court has granted petitioner leave to file an amended petition to clarify the procedural posture of any direct or collateral challenge to petitioner's 2022 conviction.  Dkt. No. 5, Decision and Order ("*March I Order*"); Dkt. No. 7, Decision and Order ("*March II Order*"); Dkt. No. 15, Decision and Order ("*August Order*").  Specifically, the *March II Order* outlined that petitioner (1) could not bring forth any challenges related to his first conviction, in 2016, because it had already been reversed, *March II Order* at 3; and (2) had to identify if, how, and when his state court remedies were exhausted with respect to his 2022 conviction, *id.* at 4.

In response, petitioner filed a letter motion requesting the transcript from his recent sentencing hearing, in April of 2002, to help him better and more accurately present his claims for federal habeas corpus relief.  Dkt. No. 8, Letter Motion.  The Court denied the motion, and directed petitioner to "state his claims and the facts that underlie them, as well as indicate the state courts before which [petitioner] exhausted his constitutional claims."  Dkt. No. 9, Text Order ("*April Order*").

The *April Order* appeared to cross in the mail with another letter motion from petitioner, again requesting the state court sentencing transcript.  Dkt. No. 11, Letter Motion.  The Court again denied the request and provided petitioner with an extension of time within which to file his second amended petition.  Dkt. No. 12, Text Order ("*May Order*").

Petitioner then filed a motion for reconsideration of the *May Order* denying his request for the April 2022 sentencing transcript.  Dkt. No. 13.  Petitioner explained that the Court's conclusion in the *March II Order* was "based on a misinterpretation of the facts," and went on

2

to articulate arguments about why challenges to the 2016 conviction still existed. *Id.* at 2-5. Further, petitioner argued that the *May Order* was "harmful" because petitioner's "intentions . . . to present the State's unfair rulings affecting and directly resulting in the retrial and the eventual unfair rulings therein," would be hindered. *Id.* at 5.

The Court denied petitioner's motion. *See August Order.* Specifically, the Court held that (1) petitioner's reasoning did not justify reconsideration because he failed to identify controlling decisions or data that would reasonably change the *May Order*; (2) petitioner was incorrectly using the motion for reconsideration to challenge the Court's decisions that challenges to petitioner's 2016 conviction were moot and exhaustion was a necessary prerequisite for ordering respondent to file an answer; and (3) petitioner's argument was meritless because possession of a sentencing transcript was useless for compliance with the *March II Order*. *August Order*, at 4-5. Petitioner was "given one final opportunity to file an amended pleading," consistent with the terms of the Court's prior orders. *Id.* at 5. Petitioner was warned that failure to produce such an amended pleading "will result in the action being dismissed as premature." *Id.* at 5; *see also id.* at 7 (directing the Clerk to enter judgment dismissing the action if a second amended petition is not filed).

Presently before the Court is petitioner's objection to the *August Order*. Dkt. No. 16. Petitioner repeatedly, and incorrectly, refers to the undersigned as a Magistrate Judge which propelled him to the conclusion that objections to the *August Order* were an appropriate procedural vehicle available to him. *Id.* at 1, 3. However, petitioner is incorrect as the undersigned is a District Judge who issued a Decision and Order; therefore, petitioner is not entitled to an objection period. Given that petitioner is contesting the Court's prior Decision and Order, this submission is again deemed a motion for reconsideration. *See e.g., Castro v.*

3

*United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . in order to . . . create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis[.]") (internal citations omitted).

As previously outlined in the *August Order*, "[t]he standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented.  *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).  However, "[a] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, No. 6:13-CV-1178 (GLS/TWD), 2015 WL 4496374, at *1 (N.D.N.Y. July 23, 2015).

Here, petitioner's reasoning does not justify reconsideration of the Court's *August Order*.  Generally speaking, petitioner does not identify controlling decisions or data that the Court overlooked which would reasonably change the Court's prior decision.  Instead, petitioner proffers conclusory arguments that the Court's decisions (1) not to address his arguments about his 2016 conviction and (2) deprive him of law library access and

sentencing transcripts were wrong.  However, petitioner's disagreement with this Court's decision is not a basis for reconsideration.  *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007)).

The closest petitioner's motion came to complying with the Court's repeated orders was petitioner's discussion about his filing, and the Third Department's refusal to consider, his pro se supplemental brief.  Dkt. No. 16 at 3.  However, petitioner indicated that this was relevant to the direct criminal appeal of his 2016 criminal conviction, challenges to which this Court has already explained are moot.  *March II Order*, at 3 (citing *McFarland v. Kirkpatrick*, No. 1:08-CV-0065, 2017 WL 3981179, at *8 *W.D.N.Y. Aug. 16, 2017)).  Further, petitioner still failed to specifically identify the date of the filing or any final decisions or applications for appeal related to the direct appeal of his 2022 retrial or any subsequent collateral state court challenges which he may have pursued.  Therefore, this Court is, again, left with the inability to determine whether petitioner's claims have been properly exhausted.

In sum, even after three attempts and detailed direction from the Court about how to cure the deficiencies in his prior filings, petitioner still fails to cure any of the shortcomings that were identified in his prior petitions.  Accordingly, despite having multiple opportunities, petitioner has failed to provide the Court with an amended petition that provides the specific details necessary to determine that petitioner has engaged in the prerequisite of properly exhausting his state court remedies.

Accordingly, whether it be called petitioner's objections or a motion for reconsideration, it is denied.  Further, despite multiple attempts and direction from the Court, petitioner has failed to cure the deficiencies required for the petition to progress.  Therefore, consistent with the warnings previously proffered by the Court, the action will be dismissed as premature.

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration, Dkt. No. 16, is **DENIED**; and it is further

**ORDERED** that the amended petition, Dkt. No. 6, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[1]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 19, 2022
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).